UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOYCE SMITH,

        Plaintiff,                                    Hon. Richard Alan Enslen

v.                                                Case No. 4:05-CV-34

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive.

        The Commissioner determined that Plaintiff is not disabled as defined by the Act. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 52 years of age at the time of the ALJ's decision.  (Tr. 18).  She successfully completed high school and worked previously as a finisher/assembler and manager of an adult foster care home.  (Tr. 18, 97, 102, 146, 175).

Plaintiff applied for benefits on June 21, 2002, alleging that she had been disabled since April 26, 1999, due to lumbar disc disease, sleep apnea, and high blood pressure.  (Tr. 79-81, 96).  Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ).  (Tr. 27-75).  On July 23, 2004, Plaintiff appeared before ALJ James Prothro, with testimony being offered by Plaintiff and vocational expert, Susan Rowe.  (Tr. 366-405).  In a written decision dated July 30, 2004, the ALJ determined that Plaintiff was not disabled.  (Tr. 17-26).  The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter.  (Tr. 4-6).  Plaintiff subsequently appealed the matter in this Court pursuant to 42 U.S.C. § 405(g).

## MEDICAL HISTORY

X-rays of Plaintiff's lumbar spine, taken on October 4, 1999, revealed "mild" degenerative changes.  (Tr. 221).

On November 5, 1999, Dr. John Pai completed a Psychiatric Review Technique form regarding Plaintiff's mental limitations. (Tr. 250-58). Finding that Plaintiff suffered from depression, the doctor concluded that Plaintiff satisfied the Part A criteria for Section 12.04 (Affective Disorders) of the Listing of Impairments. (Tr. 252-56). The doctor determined, however, that Plaintiff failed to satisfy any of the Part B criteria for these particular impairments. (Tr. 257). Specifically, the doctor concluded that Plaintiff suffered slight restrictions in the activities of daily living, slight difficulties in maintaining social functioning, and seldom experienced difficulties in maintaining concentration, persistence or pace. The doctor concluded that there existed "insufficient evidence" to determine whether Plaintiff experienced episodes of deterioration or decompensation in work or work-like settings. *Id.*

On January 10, 2000, Plaintiff reported to the emergency room complaining of back pain. (Tr. 233-34). She was in no acute distress. (Tr. 233). An examination of her back revealed "mild" right flank tenderness, but there was no evidence of vertebral tenderness or any other abnormality. *Id.* Plaintiff was given medication and discharged home. (Tr. 234).

X-rays of Plaintiff's lumbar spine, taken on February 2, 2000, revealed "minimal" degenerative changes. (Tr. 240).

On February 21, 2000, Plaintiff was examined by Dr. Ben Nelson. (Tr. 245-46). Plaintiff reported that she was experiencing low back pain which radiated into her right lower extremity. (Tr. 246). The doctor observed that Plaintiff was "morbidly obese. . .who is short of breath just sitting on the exam table." Straight leg raising was negative and Plaintiff was able to forward flex "fairly well." Deep tendon reflexes were symmetrical and "[f]ine touch discrimination and gross motor function are intact in [Plaintiff's] lower extremities." Plaintiff was diagnosed with

4

lumbar strain syndrome. The doctor instructed Plaintiff to "exercise regularly to improve the conditioning of her heart and lungs and to do abdominal strengthening and back strengthening exercises." *Id.*

Treatment notes dated June 27, 2002, indicated that Plaintiff's diabetes is controlled with medication. (Tr. 275).

On September 7, 2002, Plaintiff participated in a consultive examination performed by Dr. Ralph Inabnit. (Tr. 294-306). Plaintiff reported that she was experiencing back pain. (Tr. 294). Plaintiff was in no acute distress. (Tr. 297). Plaintiff exhibited 4/5 strength, as well as normal range of motion, throughout her extremities. (Tr. 299-301). An examination of her extremities was unremarkable with no evidence of cyanosis, clubbing, edema, bruits, atrophy, or claudication. (Tr. 298). An examination of Plaintiff's spine revealed mildly reduced range of motion with no evidence of paravertebral muscle spasm. (Tr. 299). The results of sensory and neurological examinations were unremarkable. (Tr. 304). Plaintiff's gait was unremarkable and Romberg testing[1] was negative. (Tr. 305).

On February 3, 2003, Plaintiff was examined by Dr. Elizabeth Gingrinch. (Tr. 348). Plaintiff reported that she was experiencing "persistent" pain in her lower back which radiated into her right lower extremity. She also reported experiencing "increased feelings of depression." The results of a physical examination were unremarkable. With respect to Plaintiff's back pain, the doctor recommended to Plaintiff that she lose weight. As for Plaintiff's depression, the doctor increased her Prozac dosage. *Id.*

---

[1] Romberg test is a neurological test designed to detect poor balance. *See* Romberg Test, available at http://www.mult-sclerosis.org/RombergTest.html (last visited on July 8, 2005). The patient stands with her feet together and eyes closed. The examiner will then push her slightly to determine whether she is able to compensate and regain her posture. *Id.*

On May 5, 2003, Plaintiff reported that she "has been feeling relief from her anxiety and depression." (Tr. 347).

Treatment notes dated March 8, 2004, reveal that Plaintiff's diabetes was controlled with medication. (Tr. 353).

## ANALYSIS OF THE ALJ'S DECISION

### A. Applicable Standards

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[2] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1420(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

---

[2]1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

**B. The ALJ's Decision**

The ALJ determined that Plaintiff suffers from the following severe impairments: (1) a back disorder (lumbar degenerative disc disease); (2) obesity; (3) diabetes (controlled with medication); and (4) hypertension (controlled with medication). (Tr. 23). The ALJ concluded that these impairments, whether considered alone or in combination, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. *Id.* The ALJ determined that Plaintiff retained the functional capacity to perform her past relevant work as a finisher/assembler. (Tr. 23-24). Accordingly, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act.

### 1. The ALJ's Decision is Not Supported by Substantial Evidence

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.

As noted above, the Commissioner has established a five-step disability determination procedure. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform work activities subject to the following restrictions: (1) she can occasionally lift/carry 20 pounds and frequently lift/carry 10 pounds; (2) in an 8-hour workday (with normal breaks) she can stand/walk for two hours and sit for six hours; (3) she can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps/stairs; (4) she can never climb ladders, ropes, or scaffolds; (5) she must avoid even moderate exposure to fumes, odors, dusts, and gases; and (6) she cannot work in a poorly ventilated environment. (Tr. 24). Based on this RFC, as well as the testimony of a vocational expert, the ALJ determined that Plaintiff retained the ability to perform her past relevant work as a finisher/assembler. (Tr. 23-24). Accordingly, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act.

        a.    The ALJ's determination regarding Plaintiff's RFC is not supported by substantial evidence

A claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule." Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996); *see also*, *Shaw v. Apfel*, 220 F.3d 937, 939 (8th Cir. 2000) (same); *Lanclos v. Apfel*, 2000 WL at *3, n.3 (9th Cir., July 31, 2000) (same); *Moore v. Sullivan*, 895 F.2d 1065, 1069 (5th Cir. 1990) (to properly conclude that a claimant is capable of performing work requires "a determination that the claimant can *hold* whatever job he finds for a significant period of time").

As previously noted, Plaintiff suffers from depression for which she has been prescribed Prozac. While Plaintiff's depression appears to be controlled with medication, such does not diminish the fact that she suffers from depression. Despite the fact that Plaintiff suffers from depression, the ALJ erroneously failed to identify depression as one of the severe impairments from which Plaintiff suffers.

A severe impairment is defined as "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities," 20 C.F.R. § 404.1520(c), and which lasts or can be expected to last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Basic work activities include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. § 404.1521(b); *see also*, *Shafer v. Apfel*, 2000 WL 33146935 at *10 (D. Kan., Dec. 22, 2000).

To establish that she suffers from a "severe" impairment, Plaintiff need only establish that she is significantly limited with respect to any one such activity. *See Clemente v. Schweiker*, 564 F.Supp. 271, 272-73 (E.D.N.Y. 1983). This is consistent with the observation that an impairment is less than severe only if it is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience." *Williamson v. Secretary of Health and Human Services*, 796 F.2d 146, 151 (6th Cir. 1986) (citations omitted).

9

Plaintiff's care providers have recognized that Plaintiff's depression impacts her ability to function and perform work activities. (Tr. 219, 277, 358-59, 363-64). The medical expert employed by the Commissioner to review Plaintiff's medical records reached the same conclusion. (Tr. 250-58). The Court concludes, therefore, that the ALJ erred by failing to recognize Plaintiff's depression as a severe impairment.

This particular failure, however, is not the basis on which the Court recommends that this matter be remanded. The fundamental error underlying the ALJ's decision is that by failing to recognize that Plaintiff's depression constitutes a severe impairment, he failed to consider the extent to which Plaintiff's depression impairs her ability to perform work activities. In sum, by failing to recognize that Plaintiff suffers from a non-exertional impairment (in addition to her exertional impairments), the ALJ's RFC determination does not adequately identify the extent to which Plaintiff's ability to perform work activities is impaired. Thus, the ALJ's RFC determination is not supported by substantial evidence.

        b.      Evidence of Plaintiff's disability is not compelling

While the ALJ's decision is not supported by substantial evidence, Plaintiff can be awarded benefits only if proof of her disability is "compelling." *Faucher v. Sec'y of Health and Human Services*, 17 F.3d 171, 176 (6th Cir. 1994) (the court can reverse the Commissioner's decision and immediately award benefits if all essential factual issues have been resolved and proof of disability is compelling).

While the ALJ's decision fails to comply with the relevant legal standard, neither is the evidence of Plaintiff's disability compelling. The medical evidence simply fails to support

10

Plaintiff's assertions of complete and total disability. While the Court finds that the ALJ's RFC determination is not supported by substantial evidence, determining the true extent to which Plaintiff is capable of performing work activities is a factual matter. Furthermore, once an accurate RFC is developed for Plaintiff it must then be determined whether there exist a significant number of jobs which she can perform consistent with her RFC. These are factual issues which this Court is not permitted to resolve. Instead, this matter must be remanded for the consideration of these (and any other relevant) issues.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision does not conform to the proper legal standards and is not supported by substantial evidence. Accordingly, the Court recommends that the Commissioner's decision be **reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Date:  July 21, 2006                              /s/ Ellen S. Carmody
                                                 ELLEN S. CARMODY
                                                 United States Magistrate Judge