UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOYCE D. SMITH,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

Case No.  4:05-cv-34

Hon. Richard Alan Enslen

## ORDER

This matter is before the Court on Plaintiff's Motion for Attorneys Fees. Plaintiff's counsel seeks $6,321.04[1] in fees and costs. As discussed below, counsel's motion is **granted in part and denied in part**.

Pursuant to the Equal Access to Justice Act ("EAJA"), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

---

[1] There appears to be some confusion as to the precise amount requested by counsel. Defendant asserts that counsel is seeking to be compensated at a rate of $159.20 per hour based on Plaintiff's counsel's Affidavit. In his brief, Plaintiff's counsel requests to be compensated at the rate of $158.72 per hour. (Pl.'s Br. 3). When this latter amount is utilized and a $250 filing fee is added as an allowable cost, counsel's request equals $6,321.04.

The burden rests with the Commissioner to establish that her position was substantially justified, *see Sec'y, United States Dep't of Labor v. Jackson County Hosp.*, 2000 WL 658843 at *3 (6th Cir. May 10, 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). However, the fact that the Commissioner's decision was found to be supported by less than substantial evidence does not mean that it was not substantially justified. *See Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004).

As detailed previously, the Commissioner's decision was reversed and this matter remanded for further factual findings because the ALJ failed to properly assess Plaintiff's impairments and the limitations resulting therefrom. Having failed to comply with the relevant legal standard, the Commissioner cannot reasonably assert that her position is legally justified. In sum, the ALJ's decision was not substantially justified. However, as detailed below the Court finds that counsel's request is excessive and unreasonable.

Counsel asserts that 5.5 hours were spent analyzing the ALJ's decision and the hearing transcript. The Court finds that compensation for 2.0 hours for these tasks is appropriate. Counsel also claims that 30.75 hours were spent drafting and editing Plaintiff's brief. The Court finds that only 15.5 hours of such time is properly compensable. In sum, while counsel seeks to recover for 38.25 hours of work performed, in light of the reductions above, the Court finds that only 19.5 hours of such work is properly compensable.

The Court further finds that the hourly rate requested by counsel is excessive. As Defendant correctly observes, counsel's request is based upon the Consumer Price Index as of January 2006, despite the fact that all the compensable work in this matter was preformed between March 10, 2005, and August 1, 2005. The Court finds, therefore, that the appropriate hourly rate is $156.79 per hour based upon the Consumer Price Index for 2005.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's Motion for Fees and Costs (Dkt. No. 17) is **GRANTED IN PART AND DENIED IN PART**. Specifically, counsel is hereby awarded three-thousand three-hundred seven dollars and forty cents ($3,307.40) pursuant to the Equal Access to Justice Act.

DATED in Kalamazoo, MI:  
      November 13, 2006

/s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE